Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
James_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel:  (310) 207-3800
Fax:  (310) 820-5988

Attorneys for Plaintiff SPIRIT CLOTHING COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPIRIT CLOTHING COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC, a Delaware Limited Liability Company; VICTORIA'S SECRET DIRECT, LLC, an Ohio Limited Liability Company,<br><br>Defendants. | Case No: 2:14-cv-03790<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN and UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1.   This is an action for preliminary and permanent injunctive relief and for damages arising from Defendants, VICTORIA'S SECRET STORES, LLC, a Delaware Limited Liability Company; VICTORIA'S SECRET DIRECT, LLC, an Ohio Limited Liability Company, for infringement of Plaintiff's trademarks, for

1

1  Defendants' violation of 15 U.S.C. §§1114 and 1125(a), and for trademark
2  infringement, passing off, and unfair competition under the common law and the
3  laws of the State of California.
4      2.    This Court has jurisdiction over the subject matter of this action under
5  28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.
6      3.    Plaintiff is a corporation organized and existing under the laws of the
7  State of California with its principal place of business at 2211 East 37th Street, Los
8  Angeles, California 90058.
9      4.    Plaintiff is informed and believes that at all times material hereto,
10 Defendant VICTORIA'S SECRET STORES, LLC, is a Delaware Limited Liability
11 Company with its principal place of business located at 4 Limited Parkway East,
12 Reynoldsburg, Ohio 43068.
13     5.    Plaintiff is informed and believes that at all times material hereto,
14 VICTORIA'S SECRET DIRECT, LLC, is an Ohio Limited Liability Company,
15 with its principal place of business located at 5 Limited Parkway East,
16 Reynoldsburg, Ohio 43068.
17     6.    This Court has general personal jurisdiction over Defendants, as (i)
18 Defendants' conduct directly affects Plaintiff which resides in California, (ii)
19 Defendants' direct their marketing and advertising in California, sells their products
20 in California, and thus creating a likelihood of confusion in the minds of California
21 residents, and this Court has long arm jurisdiction over Defendant pursuant to
22 California Civil Procedure §410.10 et seq.
23     7.    Venue is proper in this district under 28 U.S.C. §1391(a), in that the
24 Defendants are subject to personal jurisdiction in this District and under 28 U.S.C.
25 §1391(b) and (c) because a substantial part of the events giving rise to the claims
26 occurred in this District.
27
28

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff is a well-known clothing company in in this District and various other districts.

9. Plaintiff, Spirit Clothing Company, is known in the clothing marketplace as "Spirit."

10. In light of longstanding use of SPIRIT as a trademark since at least as early as 1983, on a wide array of clothing products, it has created a significant amount of goodwill and consumer recognition in the SPIRIT MARK.

11. Plaintiff is also the owner of U.S. Trademark Registration No. 3,200,974, which is incontestable, for its SPIRIT logo (the "SPIRIT REGISTERED MARK"), for use on clothing, namely, shirts, tops, crews, football jerseys, tanks, camis, cardigans, tunics, sweatshirts, coverups, shorts, pants, foldover pants, capris, skirts, foldover skirts, dresses, jackets, robes, and hats. (See Registration attached as Exhibit A). (The above are hereinafter referred to collectively as the "SPIRIT MARKS").

12. Plaintiff is also the owner of U. S. Trademark Registration No. 4,431,559 for SPIRIT FOOTBALL JERSEY, for use on clothing namely, tops and shirts. (The above are hereinafter referred to collectively as the "SPIRIT MARKS").

13. At least as early as 1999, Plaintiff began marketing a distinctive style of clothing, hereinafter referred to as the SPIRIT JERSEY MARK. The SPIRIT JERSEY MARK consists of a very unique and recognizable combination of stitching, lettering and sleeve placement and includes without limitation the placement of slogans or words across the back and stitching running approximately horizontally across and approximately vertically in the dropped shoulder area. The elements of the SPIRIT JERSEY MARK are non-functional, non-essential to the purpose of the clothing and do not affect the cost or quality of the clothing. The SPIRIT JERSEY MARK provides no utilitarian advantage as the unique combination of the dropped shoulders, noticeable seams and stitching, and the

wording provide a distinct and unique appearance that is inherently distinctive and protectable as a trademark.

14. In light of Plaintiff's many years of continuous use of the unique features of the SPIRIT JERSEY MARK, consumers associate them with Plaintiff and Plaintiff has developed a substantial amount of goodwill in the SPIRIT JERSEY MARK. The SPIRIT JERSEY MARK acquired secondary meaning through Plaintiff's sales, advertising and promotional efforts, well prior to Defendants' introduction of a competing product.

15. Plaintiff is also the owner of U. S. Registration No. 4,280,977, for the SPIRIT JERSEY MARK, for use on long sleeve shirts. (See Registration attached as Exhibit B). In allowing the SPIRIT JERSEY MARK, the examining attorney at the Patent and Trademark Office conclude that the SPIRIT JERSEY MARK was non-functional.

16. Defendants are selling long sleeve shirts consisting of the SPIRIT JERSEY MARK. Defendants also market their goods through the same or similar channels as Plaintiff markets its goods.

17. Defendants' goods, which feature the SPIRIT JERSEY MARK, are such that prospective purchasers or consumers of the goods of Defendants and the goods of Plaintiff, are likely to be confused as to source.

18. Defendants' use in commerce of the SPIRIT JERSEY MARK in connection with the sale of clothing is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products. This is exacerbated by Defendants' use of the SPIRIT mark in connection therewith.

19. Plaintiff is informed and believes that Defendants deliberately misappropriated Plaintiff's SPIRIT JERSEY MARK in order to trade upon the good will which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products and services, which in fact do not

4

originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff. Defendants intentionally and knowingly misappropriated Plaintiff's SPIRIT JERSEY MARK with oppression, fraud and malice.

# FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

20. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 19 above.

21. Defendants' continued and unauthorized use of the SPIRIT JERSEY MARK constitutes trademark infringement under 15 U.S.C. §1114.

22. Defendants' wrongful use in commerce of the SPIRIT JERSEY MARK is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendants' products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

23. Upon information and belief, Defendants' acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

24. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

25. Plaintiff is further entitled to recover from Defendants, damages sustained by Plaintiff as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of trademark infringement.

26. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

27. Plaintiff hereby incorporates by reference paragraphs 1 to 26 above.

28. Defendants' actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

29. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's SPIRIT JERSEY MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

30. Plaintiff is further entitled to recover from Defendants damages sustained by Plaintiff as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of false designation of origin.

31. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of false designation of origin.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION

32. Plaintiff hereby incorporates by reference paragraphs 1 to 31 above.

33. Defendants' actions constitute unfair competition under the common law.

34. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use Plaintiff's SPIRIT JERSEY MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

35. Plaintiff is further entitled to recover from Defendants damages sustained by Plaintiff as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition.

36. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of unfair competition.

37. Defendants have engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendants and others from again engaging in such misconduct in an amount to be established at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendants have violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's SPIRIT JERSEY MARK, has unfairly competed with Plaintiff by falsely designating the origin of its products and has engaged in other acts of unfair competition;

2. Ordering that Defendants and their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to Plaintiff's SPIRIT JERSEY MARK;

    b. Offering for sale, soliciting sales, advertising, or selling any clothing in any medium, under any mark, name, symbol, logo, or other indicia, including without limitation, SPIRIT, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from Plaintiff, or that Defendants or their agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's SPIRIT JERSEY MARK;

    c. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

3. Ordering that Plaintiff is the exclusive owner of the SPIRIT JERSEY MARK and that such mark is valid and enforceable;

4. Ordering that Defendants deliver to Plaintiff for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SPIRIT JERSEY MARK or any other trademarks confusingly similar to Plaintiff's marks.

5. Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendants' profits as a result of Defendants' aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

6. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

7. Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

Dated: May 16, 2014

/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: May 16, 2014

/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff